Citation Nr: 1450474 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 10-07 502 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to an increased rating in excess of 20 percent for a low back injury with history of compression fracture and degenerative arthritis.

2. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

P. Lopez, Associate Counsel



INTRODUCTION

The Veteran served on active duty from December 1972 to October 1979.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

In August 2011, the Veteran stated that he had stopped working due to his back pain. This statement raised a claim for TDIU, which is under the Board's jurisdiction as part and parcel of the appeal from the rating assigned for the underlying disability. Rice v. Shinseki, 22 Vet. App. 447 (2009).

The issues of service connection for a mental health disability and a sleep disorder, as secondary to the low back disability, have been raised by the record. See February 2010 VA Form 9 and September 2014 appellate brief. As they have not been adjudicated by the Agency of Original Jurisdiction (AOJ), the Board does not have jurisdiction over these issues. Therefore, they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2013).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The last VA examination for the Veteran's low back disability was in April 2008, and the last VA treatment records are dated in December 2009. He has reported that his back symptoms have continued to increase, and there is also an indication of continuing VA treatment. See, e.g., February 2010 substantive appeal. VA must provide a new examination with consideration of all pertinent evidence when there is an indication that the record does not adequately reveal the current state of the claimed disability. Palczewski v. Nicholson, 21 Vet. App. 174, 181-82 (2007).

Further, VA must notify the Veteran of the evidence and information required to substantiate his inferred claim for TDIU, and conduct any necessary development. 

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to complete a formal application for a TDIU, and provide him notice of the evidence and information required to substantiate such claim. 

2. Obtain any VA treatment records for the Veteran's low back disability from December 2009 forward. 

3. Then, schedule the Veteran for a VA examination to determine the current severity of his low back disability. The examiner should note review of the claims file. 

The examiner should:

(a) Report the ranges of thoracolumbar spine motion. The examiner should report any additional limitation of motion, in degrees, due to weakened movement, excess fatigability, incoordination, flare-ups, or pain. This information is required by VA regulations as interpreted by the courts. The Veteran is competent to report limitation of motion during flare-ups.

(b) The examiner should report all neurologic impairment associated with the back disability.

(c) The examiner should opine whether the Veteran's service-connected back disability would prevent the Veteran from engaging in substantially gainful employment consistent with his level of education, special training, and previous work experience.

The examiner should provide reasons for the opinion. If the examiner cannot provide an opinion without resort to speculation, he/she should explain why that is the case and what, if any, additional evidence is necessary for an opinion.

5. If any benefit sought on appeal remains denied, issue a supplemental statement of the case before returning the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

All claims remanded for additional development or other appropriate action must be handled expeditiously. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).


______________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).